BARTLETT, J.
— The plaintiffs are owners of certain lots in the village of Port Richmond. These lots were assessed for constructing an outlet to a village sewer. The plaintiffs, claiming that the assessment was illegal and void, brought this action to have it canceled and annulled, and the apparent clould upon their title thus removed. The alleged illegality consisted in including in the assessment a sum for the expense of work done on the sewer outlet under a former proceeding, which former proceeding had been adjudged void by the general term of the supreme court. The defendant does not dispute the invalidity of the assessment which is attacked in this suit, but asks us to reverse the judgment on the ground that the assessment was void on the face of the record, and therefore did not constitute an apparent lien or cloud on the plaintiff’s title, so as to justify the granting of equitable relief. The appeal papers do not contain the evidence in the case. There is nothing before us but the summons and pleadings, the findings and decision of the trial judge, the exceptions, and the notice of appeal. In order, therefore, to sustain its position, the defendant must be able to point out something in the record which shows that the invalidity of the assessment proceedings is apparent upon the face thereof; that is to say, can be ascertained from an examination of the assessment roll itself, so that any person, in examining it, would be told that the assessment was void at the same time that he ascertained that there was any assessment at all. I am unable to discover anything in the appeal book which makes it clear that the assessment is thus shown to be void upon its face. Indeed, there is a distinct admission in the pleadings that the assessment is a lien. In paragraph 18 of the complaint it is alleged that “said assessment is an apparent lien and cloud upon the title of the property of these plaintiff’s aforesaid, greatly to their damage and injuryand in paragraph 10 of the answer the defendant admits “ that the assessment mentioned in paragraph 18 of the complaint is a lien upon the title of the property of the plaintiffs, but denies, on information and belief, that the same is greatly to the damage and injury of said plaintiffs, or ■either of them.” The learned counsel for the appellant argues that the trial court, in the findings of fact numbered 7, 8, 9, and 10, explicitly and affirmatively found that the item for previous ■construction, and the unauthorized action of the board, appear on the minutes in the contract, and on the face of the assessment roll. We do not so understand those findings. They do show the fact that the expense of work done on the sewer outlet under a former proceeding was included in the contract, but they do not show that the facts rendering the insertion of this item illegal appear on the minutes of the board of sewer commissioners, or on any record of the assessment. Thus, in the finding numbered 7 it is declared that the former proceeding had been, by the general term of the supreme court, adjudged illegal, null and void. As we in *664 terpret this, it means simply that such a decision had been made, not that the fact that such decision had been made appeared of record on the minutes of the sewer commissioners,, or anywhere in connection with the assessment roll. If the findings of the trial court are capable of two interpretations on an appeal which does not bring up the .evidence, the appellate court is bound to adopt that construction which will sustain the judgment. Even if we entertained more doubt than we do as to the proper interpretation of the findings in the present case, the application of this rule would require an affirmance of the judgment.
Judgment affirmed, with costs. All concur.